# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| TAMI TARITA MUHAMMAD | ) | CASE: A18-50891-JWC |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

## CHAPTER 13 TRUSTEE'S SUPPLEMENTAL OBJECTION TO CONFIRMATION AND EXEMPTIONS AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the period(s) ending December 31, 2012 through December 31, 2017 The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

2.

The Debtor has failed to provide to the Trustee a copy of the 2017 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

3.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

4.

The Trustee requests the status of the claim with the VA for husband's benefits and any anticipated award amounts, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

5.

Question number one (1) of Debtor's Statement of Financial Affairs is inaccurate in violation of 11 U.S.C. Section 521(a)(1) and Bankruptcy Rule 1007(b)(1).

6.

The Chapter 13 Schedules fail to include and notice a debt owed to Greentree Real Estate Services for a judgment, in violation of Bankruptcy Rule 1007(a)(1), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 342.

7.

The Chapter 13 Schedules reflect an exemption under 18-4-22 claimed for non-filing spouse's VA benefits, which may be the improper exemption under O.C.G.A. Section 44-13-100.

8.

The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition and/or to be paid in the plan in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

9.

The plan fails to treat the priority debt with Internal Revenue Service, in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

10.

After review of scheduled income and anticipated household expenses, Debtor's proposed budget may fail to provide sufficient funds for ordinary living expenses in possible violation of 11 U.S.C. Section 1325(a)(6).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Debtor's exemptions, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 30th day of April, 2018.

Respectfully submitted,

/s/_____
Nancy J. Whaley
Standing Chapter 13 Trustee
State Bar No. 377941

## CERTIFICATE OF SERVICE

Case No: A18-50891-JWC

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Supplemental Objection To Confirmation And Exemptions And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
TAMI TARITA MUHAMMAD
1319 STONE RUN APT C
STONE MOUNTAIN, GA  30083

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Supplemental Objection To Confirmation And Exemptions And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
SLIPAKOFF & SLOMKA, PC
se@myatllaw.com

This the 30th day of April, 2018.

/s/_____
Nancy J. Whaley
Standing Chapter 13 Trustee
State Bar No. 377941
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303